UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. __ |
| | § | |
| $6,922,085.87 SEIZED FROM A | § | |
| TEXPOOL ACCOUNT WITH AN | § | |
| ACCOUNT NUMBER ENDING | § | |
| IN 0001, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE
## IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against $6,922,085.87 seized from a TexPool account with an account number ending in 0001.   The United States alleges on information and belief as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2.      A substantial part of the acts and omissions giving rise to the forfeiture occurred in the Southern District of Texas.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a).

## THE DEFENDANT PROPERTY

3.      The Defendant Property is $6,922,085.87 seized from an account at the Texas Local Government Investment Pool ("TexPool") with an account number

ending in 0001 and held in the name of a hospital district (hereinafter, the "Defendant Property").

## STATUTORY BASIS FOR FORFEITURE

4.     This is a civil action in rem brought to enforce the provisions of 18 U.S.C. §981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense."   Pursuant to 18 U.S.C. §1956(c)(7)(F), "any act or activity constituting an offense involving a Federal health care offense" is specified unlawful activity.   A "Federal health care offense" is specifically defined in 18 U.S.C. §24(a) to include violations of 18 U.S.C. §§ 1347 and 1349 (health care fraud and conspiracy to commit health care fraud).

5.     This action is also brought to enforce the provisions of 18 U.S.C. §981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property."

6.     The Defendant Property is subject to forfeiture under 18 U.S.C. §§981(a)(1)(C) and 981(a)(1)(A) as property which constitutes or is derived from proceeds traceable to specified unlawful activity; and as property involved in, or traceable to, money laundering in violation of 18 U.S.C. § 1957.

2

## FACTS

7.      Roberto Zamora ("ZAMORA") is the owner of Stone Diagnostics LLC ("STONE DIAGNOSTICS"), a Texas corporation, and TCBilling ("TCB"), a Texas corporation.

8.      At all relevant times, Richard Mathis ("MATHIS") was the CEO of a rural county hospital located in Texas (the "Hospital").

## A.      THE FRAUD

9.      From approximately September 2017 through July 2019, ZAMORA and MATHIS defrauded and conspired to defraud various health care benefit programs affecting commerce, in violation of Title 18, United States Code, Sections 1347 and 1349.   The private health care benefit programs provided insurance coverage for medical benefits, including diagnostic tests, to individual beneficiaries. If the tests were performed at a hospital, rather than a medical office, the insurance reimbursement rates to the provider were much higher.

10.      On or about October 18, 2017, MATHIS, on behalf of the Hospital, signed a contract with ZAMORA's company STONE DIAGNOSTICS, purporting to allow it to provide diagnostic tests to the Hospital's patients; and with TBC, allowing it to provide certain billing services for the Hospital.

11.      ZAMORA established agreements with doctors, clinics, and other medical service providers in the Houston area under which the medical providers

3

would conduct diagnostic tests on their patients and submit the billing information to ZAMORA.

12.   ZAMORA would then cause TCB to bill various health care benefit programs for those tests using the provider number for the Hospital and falsely stating that the tests had been performed at the Hospital.   Claims were submitted and payments were sent using interstate wire transmissions.

**B.   THE SEIZED FUNDS**

13.   ZAMORA and MATHIS conspired to submit and did submit false and fraudulent claims that stated that diagnostic tests had been performed at the Hospital, when in fact the tests were not performed at the Hospital but in Houston-area medical offices many miles away.

14.   Because the Hospital's provider number was used, the insurance payments based on fraudulent claims were paid to the Hospital.   During the conspiracy, MATHIS caused the Hospital to pay health care fraud proceeds to ZAMORA through STONE DIAGNOSTICS and TCB.

15.   The $6,922,085.87 seized from funds on deposit in the Hospital's TexPool account are subject to forfeiture because they constitute or were derived from the proceeds of health care fraud and were involved in, or traceable to, money laundering transactions.

## NOTICE TO ANY POTENTIAL CLAIMANT

The United States will serve notice and a copy of the Complaint on any persons who reasonably appear to be potential claimants to the Defendant Property.

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the verified claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be sent to the undersigned Assistant United States Attorney at the address provided in this Complaint.

## RELIEF REQUESTED

The United States seeks a final judgment forfeiting the Defendant Property to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

Jennifer B. Lowery
Acting United States Attorney


By:   /s/ Kristine E. Rollinson
      Kristine E. Rollinson
      SDTX Federal No. 16785
      Assistant United States Attorney
      1000 Louisiana, Suite 2300
      Houston, Texas 77002
      Telephone (713) 567-9000


## VERIFICATION

I, David H. McBride, Special Agent with the Federal Bureau of Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 and 7 - 15 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation.   Those facts are true and correct to the best of my knowledge and belief.

David H. McBride, Special Agent
Federal Bureau of Investigation

6